IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHERMAN CARL VAUGHN, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>U.S. BANK N.A., as Trustee for )<br>CREDIT SUISSE FIRST BOSTON )<br>MORTGAGE SECURITIES CORP., )<br>HOME EQUITY ASSET TRUST 2006-7, )<br>HOME EQUITY PASS-THROUGH )<br>CERTIFICATES, SERIES 2006-7, *et al.*, )<br> )<br>Defendants. ) | Civil Action No. 3:15–cv–103–HEH |

## MEMORANDUM OPINION
(Defendant U.S. Bank's Motion to Dismiss)

Plaintiff Sherman Carl Vaughn ("Vaughn") filed suit in the Circuit Court of Chesterfield County, Virginia, seeking various forms of relief in connection with the alleged wrongful foreclosure of his home. Vaughn's case was subsequently removed, and the matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant U.S. Bank N.A. as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-7, Home Equity Pass-Through Certificates, Series 2006-7 ("U.S. Bank"). For the reasons stated herein, the case will be remanded to the state court, as this Court lacks diversity jurisdiction.[1] The Court, therefore, will not reach the merits of U.S. Bank's Motion to Dismiss.

---

[1] Pursuant to 28 U.S.C. § 1447(c), this Court possesses the authority to raise issues of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Vaughn commenced this action on approximately July 21, 2014 in the Circuit Court of Chesterfield County, Virginia, naming U.S. Bank, Axiom Financial Services ("Axiom"), Professional Foreclosure Corporation of Virginia ("PFC"), Mortgage Electronic Registration Systems, Inc. ("MERS, Inc."), MERSCORP Holdings, Inc. ("MERSCORP"), and American Service Company ("ACS"), as defendants (collectively, "Defendants"). (Ex. B, Notice of Removal, ECF No. 1-2 ("Compl.").) Vaughn alleges causes of action for fraud, breach of contract, and quiet title against Defendants. (Compl. ¶¶ 37–40.) The complaint also alleges that PFC, as substitute trustee, breached its fiduciary duties to Vaughn by foreclosing on his property without ensuring that it had the authority to do so. (*Id.* at ¶¶ 25–26.) Vaughn seeks to rescind the foreclosure sale of his home, as well as compensatory and punitive damages. (*Id.* at ¶¶ 37–39, (f).)

Defendants removed the matter to this Court on February 24, 2015, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and diversity of citizenship exists. (Notice of Removal, ECF No. 1.) This Court properly has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

The Court is satisfied that the value of the property at issue exceeds $75,000, as Defendants represent that the principal amount of Vaughn's promissory note is $750,000.00. (Notice of Removal ¶ 5.) Nonetheless, complete diversity of citizenship does not exist

2

because it appears that both Vaughn and PFC are citizens of Virginia. Defendants maintain that the citizenship of PFC, as well as that of MERS, Inc. and MERSCORP, should be disregarded because these are merely nominal defendants that have been fraudulently joined. Defendants allege that because U.S. Bank is a citizen of Ohio, complete diversity exists. (Notice of Removal ¶¶ 8–11.)

At the outset, the Court notes that Defendants' Notice of Removal is deficient in that it fails to allege the citizenship of ACS. (*Id.* at ¶ 10.) The removal notice is also deficient because it fails to satisfy the well-established "double designation" requirement. "[W]hen diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." *Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985); *see also Herod v. Fisher & Son, Co., Inc.*, 2012 U.S. Dist. LEXIS 163610 (E.D. Va. 2012). Defendants' Notice of Removal alleges the citizenship of the parties at the time of removal, but does not address their citizenship at the time of the filing of the complaint in state court. (Notice of Removal ¶ 1.) The Court, nevertheless, finds it prudent to address the propriety of PFC's joinder as the non-diverse defendant.

"The fraudulent joinder doctrine provides an exception to the complete diversity requirement." *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013). The term "fraudulent joinder" is, in many ways, a misnomer. More accurately characterized, it is "a term of art, [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). "The removing party must

3

establish that there is no possibility the plaintiff could establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. A claim need not succeed to defeat removal; only a possibility of a right need be asserted." *Sherman v. Litton Loan Serving, L.P.*, 796 F. Supp. 2d 753, 759 (E.D. Va. July 1, 2011) (citations omitted).

A related, but not identical, exception to the complete diversity requirement is that of a nominal party. Under this doctrine, a court may disregard nominal parties and find that diversity jurisdiction exists based only upon the citizenship of real parties to the controversy. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case." *Hartford Fire Ins. Co. v. Harleyswill Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) (citing *Shaugnessy v. Pedreiro*, 349 U.S. 48, 54 (1955) (noting that party status is determined by "practical considerations")).

The burden is on the party claiming fraudulent or improper joinder to show that a claim could not be established against the non-diverse defendant even after resolving all issues of law and fact in the plaintiff's favor. *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)). The improper joinder analysis is a fact-intensive inquiry, and Defendants fail to explain how the cases upon which they rely for the proposition that the citizenship of the substitute trustee may be ignored for purposes of diversity jurisdiction preclude Vaughn from establishing a cause of action against PFC. (Notice of Removal ¶ 11.)

Upon examination, the Court concludes the non-diverse defendant, PFC, is properly joined. Vaughn's complaint alleges that PFC breached its fiduciary duty to him, and

4

demands damages for fraud related to the alleged breach. Vaughn also seeks to set aside the foreclosure of his property. A claim for breach of fiduciary duties against a substitute trustee to a deed of trust is a viable cause of action under Virginia law. *See Squire v. Va. Housing & Development Authority*, 287 Va. 507, 521 (2014). Likewise, a substitute trustee may be properly joined in an action seeking to set aside a foreclosure sale. *See Payne v. Bank of America*, 2010 U.S. Dist. LEXIS 12076 (W.D. Va. Feb. 11, 2010) (holding substitute trustee properly joined because plaintiff made extensive factual and legal allegations against trustee and sought specific relief from the trustee—namely, setting aside a previously conducted foreclosure sale). This Court, therefore, finds that PFC has not been fraudulently joined. The substantive allegations in Vaughn's complaint also preclude the Court from finding that PFC is merely a nominal party.

Because removal raises significant federalism concerns, this Court must strictly construe removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where federal jurisdiction is doubtful, remand to state court is appropriate. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because Defendants have not met their burden of establishing diversity jurisdiction, this matter will be remanded to the Circuit Court of Chesterfield County, Virginia.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 23, 2015
Richmond, Virginia

5